# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID GEORGE,

*Plaintiff*,

vs.

N.D.O.C., *et al.*,

*Defendants*.

2:12-cv-00991-KJD-NJK

ORDER

This *pro se* prisoner civil rights action by Nevada state inmate comes before the Court for initial review under 28 U.S.C. § 1915A. The Court is deferring action on plaintiff's pauper application pending initial review and possible referral to the inmate mediation program. However, the pauper application thereafter will be processed according to the payment requirements of the Prison Litigation Reform Act, which requirements continue after plaintiff's release from custody. *See generally Johnson v. Clark County Detention Center*, No. 2:07-cv-00769-PMP-PAL, #7 (D.Nev., Jan. 24, 2008).

Turning to initial review, when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell*

*v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint, plaintiff David George alleges that he was subjected to excessive force by defendants Correctional Officers S. Espinoza and J. Navarret on June 22, 2011, at Southern Desert Correctional Center ("Southern Desert"). He seeks compensatory damages, punitive damages, and injunctive relief from officers Espinoza and Navarret, the Nevada Department of Corrections (NDOC), NDOC Director James Gregory Cox, and Southern Desert Warden Brian Williams. Espinoza and Navarret are named in both their individual and official capacities and the remaining defendants are named only in an official capacity.

The specific allegations of actual fact in the complaint state a claim for relief against defendants Espinoza and Navarret in their individual capacities for a violation of the Eighth Amendment guarantee against cruel and unusual punishment.

The complaint otherwise does not state a claim upon which relief may be granted in a number of respects.

First, plaintiff may not bring suit directly against NDOC in federal court, whether for injunctive or other relief. The claims against NDOC, as an arm of the State, are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a state or an arm of a state regardless of the relief sought. *See,e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01 (1984).

Second, plaintiff may not recover monetary damages from any of the defendants in their official capacity. First, claims for monetary damages from state officials in their official capacity also are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g., Taylor, supra*; *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989).

Third, the injunctive relief requested by plaintiff is beyond the authority of the Court. Plaintiff requests that the defendants be brought up on charges or at a minimum reprimanded with disciplinary action. The Court does not have the authority either to initiate criminal proceedings or to reprimand state employees and initiate employment disciplinary actions. The complaint therefore fails to state a claim upon which relief may be granted for the injunctive relief requested, such that the complaint does not state a viable claim against any of the defendants in their official capacity.

Fourth, the complaint accordingly fails to state a claim upon which relief may be granted against defendants Cox and Williams, who are named only in their official capacity. Even if the present complaint had named Cox and Williams also in their individual capacity,

the factual allegations of the complaint fail to state a claim for relief against these two supervisory defendants in their individual capacity. Plaintiff premises liability against Cox and Williams exclusively on their supervisory position, alleging that Cox and Williams "are supposed to make sure proper procedures are followed by [the correctional] officers." There is no *respondeat superior* liability under § 1983. That is, a supervisory official may be held liable in his individual capacity only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See,e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). The conclusory allegations of the complaint in this regard state no such claim against defendants Cox and Williams.

Fifth, the claim in Count II is redundant of the Eighth Amendment claim in Count I. In Count II, plaintiff alleges that he also was deprived of an Eighth Amendment right to be free from excessive force. The Cruel and Unusual Punishment Clause is the constitutional prohibition that protects against excessive force. There is only one claim in this context, not two.

Sixth, the complaint does not state a claim for relief for a denial of procedural due process under the Fourteenth Amendment as alleged in Count III. The allegations presented in the complaint instead, as noted, state a claim for relief against defendants Espinoza and Navarret in their individual capacities for a violation of the Eighth Amendment guarantee against cruel and unusual punishment. Excessive force does not also violate procedural due process over and above an Eighth Amendment violation.

The Court will dismiss the deficient claims and will give plaintiff an opportunity to amend the complaint to correct the deficiencies in the complaint, to the extent possible.

IT THEREFORE IS ORDERED that the following claims are DISMISSED without prejudice, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint, if possible: (a) all claims against defendants NDOC, James Gregory Cox, and Brian Williams, Sr.; (b) all claims against all defendants in their official capacity; (c) all claims for injunctive relief; and (d) Counts II and III. The claims in Count I

against defendants Espinoza and Navarret in their individual capacity only remain before the Court.

IT FURTHER IS ORDERED that, on any amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:12-cv-00991-KJD-NJK**, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely file[1] an amended complaint, the matter will proceed forward on only the claims that remain before the Court.

The Clerk shall SEND plaintiff a copy of the original complaint that he submitted together with two copies of a § 1983 complaint form and one copy of the instructions.

DATED: April 11, 2014

KENT J. DAWSON
United States District Judge

---

[1]Plaintiff no longer is in custody and the prison mailbox rule does not apply.

Petitioner may wish to note the law library resources available to *pro se* litigants in the Las Vegas area. The Clark County Law Library is located at 309 South Third St., Suite #400, Las Vegas, Nevada; and the telephone number is 702-455-4696. The library's normal hours are 8 a.m. to 5 p.m. on Monday through Friday, and 10 a.m. to 5 p.m. on Saturday. The library is closed Sundays and holidays. The library offers Westlaw access. The Boyd Law School's law library is located on UNLV's Maryland Parkway campus; and the telephone number is 702-895-2400. The library's hours vary depending upon class session and holidays. On the web, see: http://www.clarkcountynv.gov/LawLibrary and http://law.unlv.edu/law-library/home.html.